### JEROME *v.* FLAGG.

(*Supreme Court, General Term, Second Department.*  May 14, 1888.)

WRITS—SERVICE BY PUBLICATION—SUFFICIENCY OF AFFIDAVIT—CODE CIVIL PROC. N. Y. § 439.

An affidavit for an order of publication showing that defendant is a non-resident of the state, giving his actual residence, and his place of business, and stating "that defendant cannot with due diligence be served personally within the state of New York, as he is now, and has been for some time, a resident of the city of Denver," sufficiently complies with Code Civil Proc. § 439, requiring proof by affidavit "that the plaintiff has been or may be unable with due diligence to make personal service of the summons."  .

Appeal from special term, Westchester county; DYKMAN, Justice.

In an action by John L. Jerome against Wilbur W. Flagg, plaintiff obtained an order for the service of summons on defendant by publication on an affidavit, one portion of which was as follows:  "(2) That the defendant, Wilbur W. Flagg, * * * is not a resident of the state of New York, but now resides in the city of Denver, in the state of Colorado, which is his post-office address.  That his place of business is No. 19 Times Building, city of Denver, in the state of Colorado, that said defendant cannot, with due diligence, be served personally within the state of New York, as he is now, and has been for some time, a resident of the city of Denver."  Defendant moved to set aside this order and the service thereunder, on the ground of non-compliance with Code Civil Proc. § 439, which provides "that the order must be founded upon a verified complaint; * * * and proof by affidavit of the additional facts required by the last section; * * * and also where the application is made upon the ground that the defendant is a foreign corporation, or not a resident of the state; * * * that the plaintiff has been or may be unable, with due diligence, to make personal service."  From the order denying this motion defendant appealed.

*James P. Sanders*, for plaintiff.  *Holt & Butler*, (*George P. Gordel*, of counsel,) for defendant.

PRATT, J.   This is an appeal from an order denying a motion to vacate an order of publication of summons based upon the ground that the affidavit was insufficient.   The proof was clear and conclusive that the defendant was a resident of Denver, and absolutely located there, and hence no amount of diligence would avail to effect a personal service in this state.   The case of *Kennedy* v. *Trust Co.*, 101 N. Y. 487, 5 N. E. Rep. 774, is decisive of the question raised here.   The expression in the affidavit of plaintiff's attorney, "that said defendant cannot with due diligence be served personally within the state," must be regarded, not solely as a conclusion of law, but as a statement of fact tending to show that due diligence had been used.   Such was the construction put upon a like statement in the *Kennedy Case, supra*.   There is no other point that requires discussion.   The order must be affirmed, with costs.