TERENCE McCRACKEN, Appellant, *v.* WILLIAM C. FLANAGAN *et al.*, Respondents.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

*Summons. Service by Publication.*—An affidavit for the service of a summons by publication, which states the non-residence of the defendant, and specifies his place of residence, and that he cannot be found in this State, is sufficient to sustain such order, which is valid until it is set aside or adjudged invalid in a direct proceeding in that action to test its validity, and the judgment entered upon such service is valid and regular.

Appeal from a judgment of a circuit court.

*Eugene S. Ives*, for appellant.

*Thomas J. McKee* (*James W. Covert*, of counsel), for respondents.

DYKMAN, J.—This is an appeal from a judgment in favor of the defendant, in an action for the recovery of real property.

The facts which raise the question of law involved, and upon which the decision of the trial court was made, are these: Henry Kahle was the owner of the premises in 1867, and in May, 1869, he conveyed the same to Patrick Mc-

Cracken, who died, leaving a last will and testament by which he devised his interest in the premises to the plaintiff.

In January, 1867, an action was commenced in the supreme court against Kahle, by Lawrence Cartan for the recovery of money, in which there was an attachment issued, and under that attachment the premises in question were seized by the sheriff, and a notice of the pendency of the action was also filed.

Kahle did not appear in the attachment suit, and the summons was served by publication under an order for that purpose obtained on an affidavit which was in the usual form, and contained these words: "That defendant is a non-resident of this state, nor can be found therein, but has a place of residence in Wattawan, in the state of New Jersey."

Judgment was entered in the action against Kahle on the 24th day of April, 1867, for $1,106.40, and, under an execution issued upon that judgment, the property was sold by the sheriff of Westchester county to Lawrence Cartan, the plaintiff in that action.

Cartan received his deed for the property, in pursuance of his purchase from the sheriff, January 25, 1869, and he conveyed the premises to one Edward A. Flanagan, who conveyed the same to the defendant in this action.

The plaintiff brought this action, claiming the property by virtue of the deed of conveyance from Henry Kahle to Patrick McCracken, and the devise of McCracken to the plaintiff.

The claim of the plaintiff is based upon the insufficiency of the affidavit as a foundation for the order of publication, and he insists that the affidavit was insufficient to justify that order. As we have seen already, the affidavit states the non-residence of the defendant, and specifies his place of residence, and that he cannot be found in this state. Such facts, when laid before the judge who granted the order, empowered him to exercise his judicial function, and

determine their sufficiency, and when he did so, and found them sufficient to establish the necessary facts to justify the order of publication, and made the order thereupon, such order was valid until it was set aside or adjudged invalid in a direct proceeding in that action to test its validity. The affidavit in question was sufficient to sustain the order for the service of the summons by publication, and the judgment entered upon such service was valid and regular. Kennedy *v.* Life Ins. Co., 101 N. Y. 487; Andrews *v.* Borland, 10 N. Y. State Rep. 396; Jerome *v.* Flagg, 48 Hun, 351; Hudson *v.* Kowing, 4 N. Y. State Rep. 866.

The sufficiency of the affidavit being the only question involved by this appeal, and that being found adequate to the end proposed, it follows that the title of the defendant's grantor, under the sheriff's deed to him in pursuance of the sale, under the judgment, was valid, and that the defendant derived a good title from his grantor.

The plaintiff, therefore, took no interest in the property under the devise in the will of McCracken, because the grantor of his devisor had been divested of the title by the sale under the judgment against him in the attachment suit.

The judgment should therefore, be affirmed, with costs.

All concur.