### In re TOBIN'S ESTATE.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

DEATH—PRESUMPTION—CONTINUED ABSENCE.

Two of the next of kin of deceased went from Ireland to Australia in 1869, and were heard from for a year or two afterwards, since when their relatives had no news of them. One was married, and had no children, and there was no evidence that any were born to her after leaving Ireland. The other was unmarried. In 1885 their relatives published notices in Melbourne and Sydney, and began correspondence, to ascertain if they were living or had descendants, but nothing was learned. *Held* sufficient evidence to warrant the presumption of their death, and to authorize an order in 1888 directing the payment of the whole of deceased's estate to his remaining next of kin.

Appeal from surrogate's court, New York county.

Upon the settlement of the account of Algernon Sullivan, public administrator, etc., as administrator, etc. of Richard Tobin, deceased, an order was made directing the payment of funds in the hands of said Sullivan to the next of kin of Richard Tobin. The comptroller of the city of New York appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Henry R. Beekman* and *Frank W. Arnold*, for appellant. *George W. Carr*, for respondent.

MACOMBER, J. Letters of administration upon the estate of Richard Tobin, who died in the city of New York on the 23d day of January, 1884, were issued by the surrogate to the public administrator. Upon an accounting made before the surrogate by the public administrator, on the 3d day of July, 1885, the administrator was directed to pay one-quarter of the estate to Michael Tobin, one-quarter to Ellen Cooke, and the residue, namely, one-half of the estate, into the city treasury for the benefit equally of John Tobin and Mary Molloy, two of the next of kin of the deceased. At this time it was not known whether either John Tobin or Mary Molloy was living. In the month of October, 1885, the other two next of kin, namely, Michael Tobin and Ellen Cooke, to whom the money is now directed to be paid, by publishing notices in Melbourne and in Sydney, in Australia, where John Tobin and Mary Molloy had gone 18 years previously, and by correspondence and other like acts, endeavored to ascertain whether these relatives were living, and, if so, where they were, and, if not, if they left descendants. Being satisfied from the evidence which they were able to obtain that these absentees, of whom they had not heard for over seven years, were dead, they applied to the surrogate in January, 1888, for modification of the previous decree, and for payment to them, as the next of kin of John Tobin and Mary Molloy, of the portion which had been originally paid into the city treasury in due course of the administration of Richard Tobin's estate. The surrogate, however, was not satisfied of the sufficiency of the proof then adduced, and denied the application, but with leave to renew the same. Subsequently, upon further evidence, the order appealed from was made. After an absence of seven years, with-

out any intelligence of him by those who would be likely to hear from him by letter or otherwise, the person will be presumed to be dead. This presumption has been extended so as to lead to the conclusion, in the absence of any evidence whatever of actual living, that the death took place at the end of the seven years. *Eagle* v. *Emmet*, 4 Bradf. Sur. 117. John and Mary left Ireland in the year 1869, about 18 years before this application was made. There is no evidence of the reception by their relatives of any letters or other intelligence of them, after their arrival in Australia, excepting during the first year or two after their departure from Ireland. If these presumptions are to be indulged to their full extent, it would appear that neither John nor Mary could have succeeded personally to any of the property of their father, Richard Tobin. Furthermore, John was unmarried when he left home, but Mary, though married, had no children at that time, and there is no evidence that any were born to her subsequently. As the learned surrogate said in his opinion on the first hearing of this application: "The presumption that the person died without issue will be sustained by very slight proof, such as failure to hear of any such issue, or failure to answer advertisements calling for heirs, as was done in this case." *Greaves* v. *Greenwood*, L. R. 2 Exch. Div. 287. On the whole, we are satisfied that the learned surrogate has proceeded cautiously in the consideration of this application, and has acted upon sufficient legal evidence establishing the death of John Tobin and Mary Molloy; and that, consequently, the order appealed from should be affirmed, with costs and disbursements to be paid out of the funds. All concur.