CASEY et al. v. CASEY et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

PARTITION—UNKNOWN PARTIES—EFFECT OF JUDGMENT.

The rights of persons in the land sought to be partitioned cannot be extinguished by making them, if living, or, if dead, their heirs, parties to the action, and procuring an adjudication that they had died without heirs, without providing for the protection of their rights, as required by Code Civ. Proc. §§ 1572, 1582; and therefore the purchaser at the partition sale in such case will not be compelled to take the title.

Appeal from special term, New York county.

Action by William P. Casey and others against Mary E. Casey and others for partition. From an order directing the purchaser at the partition sale to take title (44 N. Y. Supp. 254), he appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

C. P. Northrop, for appellant.

James Kearney, for respondents.

VAN BRUNT, P. J. This action was brought for the partition or sale of certain real property situate in the city of New York. Among others who were made defendants were William Powers if living, David Powers if living, and Mary Powers if living, and, if all or either of them were deceased, his or her devisees, heirs at law, or next of kin, who were unknown to the plaintiffs, and also all persons or owners unknown to plaintiffs having or claiming any interest in or lien upon the lands and premises sought to be partitioned in this action. The defendants Powers and their devisees, heirs at law, and next of kin were attempted to be served with summons by an order of publication. The only answer served seems to be that of Mary E. Casey, who denied the existence of the Powerses. The case was referred by consent to a referee, who reported that the defendants William Powers, David Powers, and Mary Powers were dead in the year 1874, and that they left, them surviving, no father or mother, husband or wife, child or children, or the descendants of any deceased child or children, brother or sister, or the descendants of any deceased brother or sister, etc. An interlocutory judgment was thereupon entered, declaring that the plaintiffs and the defendant Mary E. Casey were entitled as tenants in common to the whole of the premises set forth in the complaint, and directing a sale thereof. A sale of the premises having been made, a final decree in partition was entered, directing the referee to deliver deeds to the respective purchasers, and, after payment of expenses and costs, to pay the balance of the proceeds of sale to the plaintiffs and the defendant Mary E. Casey. The appellant herein, who was the purchaser at such sale, having refused to take title to the premises, a motion was made to compel him to complete, which motion was granted, and from the order thereupon entered this appeal is taken.

The ground upon which the purchaser objected to take the title was that there was no evidence whatever of the death of the Powerses, or that they died without issue. But it was held, upon the motion to compel the purchaser to complete, that the court had jurisdiction of the subject-matter and of the parties, and therefore its judgment was conclusive as to whatever was therein adjudicated, and the purchaser's title would not be affected by any irregularity or defects not going to the question of jurisdiction. It does not seem to us possible that rights can be extinguished by making persons parties to an action, and, if dead, their devisees, heirs at law, and next of kin, and procuring an adjudication that such parties are dead, and have died without issue. If the alleged parties are dead, they cannot be parties to the action. If a person is made a defendant as an

unknown person, it is an admission upon the record of his existence, and he cannot be obliterated from the record by being declared dead by the judgment. This condition is assumed by the provisions of section 1582 of the Code of Civil Procedure, which provides that, where a person has been made a defendant as an unknown person, the court must direct his portion to be invested in permanent securities, at interest, for his benefit, until claimed by him or his legal representatives. Neither can this provision of the Code be repealed by a declaration in the judgment that the person made defendant was improperly so made because dead. The most favorable view which can be taken of the sufficiency of the title of the premises which the order appealed from has directed the appellant to take is that there is evidence enough in this record to show that all these persons are dead, and that they died without issue. It is perfectly clear that the evidence is entirely insufficient to sustain any such proposition. That there were such persons as the Powerses in existence, who were children of a sister, is manifest both from the proceedings in the surrogate's office upon the probate of the will of Thomas Casey, and from the evidence of some of the witnesses in regard to family traditions of their existence. There is no distinct evidence as to where they lived, .or whether they were married, or had children, or what has become of them; and to conclude that they are dead, and that they have died without issue, seems to be an assumption, pure and simple. There is no evidence that they have ceased to communicate with those with whom they were accustomed to communicate, or that they have left the place in which they were accustomed to live, and have not been heard from; nor is there any fact tending to show that anything has been discontinued which had existed during the lives of these parties. It is clear that, without some proof, death cannot be presumed.

We are of opinion, therefore, that the title was not such as a purchaser should be compelled to take, and the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

RUMSEY and WILLIAMS, JJ., concur.

PATTERSON, J. I concur in the reversal of the order on the ground that this title is doubtful, and a purchaser at a judicial sale should not be required to take it under the circumstances. Vought v. Williams, 120 N. Y. 253, 24 N. E. 195. It is very questionable if all the parties were before the court in such a way as to give it jurisdiction to extinguish the interest of the Powerses or their heirs. But, if they were, then, under section 1572 of the Code of Civil Procedure, the judgment, to cut off their interests, must provide for the protection of their rights as if they were known and had appeared; and, under section 1582 of the Code, the judgment must direct their portion of the proceeds of the property to be invested for their benefit, until claimed by them or their legal representatives.

INGRAHAM, J., concurs.