### KARSTENS v. KARSTENS et al.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.

A testator's will devised and bequeathed property to trustees, in trust to pay the rents and income to testator's wife for life, and after her death to pay over one-third of the property to each of his sons Herman and Henry, their heirs and assigns forever, and to invest the balance, and pay the income to two other sons, and in trust, finally, upon the decease of them, and each of them, leaving issue, to pay over to said issue the parent's share. The will also conferred on the trustees a power of sale for the purpose of division. *Held*, in an action for construction of the will, that the testator's intention in respect to Herman and Henry was to give to them an absolute vested interest, subject only to the wife's life interest.

Appeal from special term.

Action by Henry Karstens, as trustee, against Catherine Karstens and others, for construction of a will. The will in question gave, devised, and bequeathed property to trustees, in trust, first, to receive and pay over the rents, profits, and income to the testator's wife for life, and in trust, secondly, upon her decease "to divide the estate into three equal parts, and to pay over unto my sons Herman and Henry each one equal part or share thereof, to have and to hold the same unto them, respectively, their and each of their heirs and assigns forever," and to invest the other share during the life of two other sons, and divide the income thereof between them; "and in trust, in the last place, upon the decease of them and each of them leaving issue him or them surviving, to pay over unto said issue the parent's part or share." The will also conferred on the trustees a power to sell for the purpose of division. From the judgment (45 N. Y. Supp. 966), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

C. S. Truax, for appellant.

G. W. Davison, for respondents.

VAN BRUNT, P. J. We might very well base our affirmance of the judgment appealed from upon the very satisfactory opinion of the court below, but we think that a consideration adverted to in the opinion is not given adequate weight in the construction of the will in question. A will is always to be construed so as to give effect to the general intention of the testator as expressed in the whole instrument, and the court may transpose words and phrases, and read its provisions in an order different from that in which they appear in the instrument, and insert or leave out provisions, if necessary, but only in aid of the testator's intent and purpose; never to devise a new scheme, or to make a new will. Tilden v. Green, 130 N. Y. 52, 28 N. E. 880. Applying this principle to the will in question, it seems to us to be clear that it was the intention of the testator to give an absolute interest in his estate to his sons Herman and Henry, subject to his wife's life interest. It appears from the instrument itself that the testator intended to make for his sons Herman and Henry a larger provision than for his sons John and Albert. He gives them their interest in the estate absolutely, whereas as to the interest of his sons John and Albert he gives to them only the income, and, if such sons die, either during the continuance of the intermediate estate or afterwards, their children inherit the share which their parent would have taken if living. If the construction claimed by the appellant is to be put upon this will, then, in case either Herman or Henry died during the continuance of the intermediate estate, leaving children, such children could inherit nothing. This was clearly not the intention of the testator. He undoubtedly supposed that Herman and Henry would have an absolute title to their shares, and might make such disposition of the same as they might see fit. Present words of gift are contained in the devise and bequest to the trustees as the representatives of the beneficiaries, namely, his wife and children. They were to hold the estate for the benefit of the wife and children, to pay the income to the wife during her life, and upon her death to hand over two-thirds of it to Herman and Henry, and to hold the remaining one-third for the benefit of John and Albert, and upon their death to pay their share to their children, if they should leave any.

The judgment should be affirmed, with costs. All concur.