### LENEHAN v. COLLEGE OF ST. FRANCIS XAVIER et al.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. COMPLAINT IN PARTITION—PARTIES.

The use of the names John Doe and Richard Roe, with the explanation that they are fictitious, and are intended to designate the unknown heirs of certain persons, will not invalidate a decree in partition when all the heirs of such persons who could make any claim to the land were designated and made parties by their correct names.

2. JUDICIAL SALE—PURCHASE.

Where there were no unknown persons who were necessary parties defendant to an action, a failure to make parties of such unknown persons is not an excuse for failing to complete a purchase of lands at a judicial sale.

Appeal from special term, New York county.

Action of partition by John J. Lenehan against the College of St. Francis Xavier and others. Judgment of sale. From an order compelling Samuel Bloch to complete his purchase (63 N. Y. Supp. 1033), he appeals. Affirmed.

Argued before HATCH, RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Frederick W. Holls, for appellant.
William T. Schley, for respondents.

RUMSEY, J.  This is an action of partition.  Judgment was entered directing the sale of the premises, and upon that sale the appellant, Samuel Bloch, bid the property in.  He subsequently refused to perform his contract, and this motion was made to compel him to do so.

In the title of the action there were named as parties defendant "John Doe (the said name John Doe being fictitious, and being intended to designate the unknown heirs, if any, of Catherine Coy, deceased, whose real names, if any, are unknown to plaintiff) and Richard Roe (the said name being fictitious, and being intended to designate the unknown heirs, if any, of Ann Owens, deceased, whose real names, if any, are unknown to plaintiff)."

The objections made by the purchaser are two.  The first is "that it is a matter of grave doubt as to whether the heirs at law of Ann Owens and Catherine Coy are parties to this action, because they are designated by fictitious names; and that, instead of such unknown heirs being designated as a class, they are attempted to be sued by the fictitious names of John Doe and Richard Roe, only one person being sued as the heir of Catherine Coy, and only one person as the heir of Ann Owens."  As to this objection, it is only necessary to say that the evidence shows that every person who could claim any interest in Ann Owens' real estate at the time of her death is actually made a party defendant to this action by his own name, and was served.  There is evidence to show that other persons who, if they had outlived Ann Owens, would have been her heirs at law, did not do so.  With respect of the heirs of Catherine Coy, the evidence is undisputed that the defendant George Coy was her only child and heir at law.  The fact that out of abundant caution the plaintiff's attorney unfortunately named unknown heirs who did not exist does not invalidate the title to be obtained under this judgment, when it appears that every person who could possibly have any interest in this land is made a party to the action.

The second objection is that "the wives, if any, of George Coy and the unknown heirs of Catherine Coy and Ann Owens are not parties to the suit, and that if any such parties exist the court had acquired no jurisdiction over them."  It appears affirmatively in the case that George Coy is unmarried, and, as the proof is that there are no unknown heirs, this objection would seem to be thoroughly disposed of.  But, even if there were no proof on the subject, it would seem to be absurd to try to invalidate the title by insisting that some person of whose existence there is no evidence should have been made a party to the suit.  If persons who do not choose to perform their contracts desire to be relieved from them, they must show by proof that the title they have contracted to take is not valid, or, at least, to prove sufficient facts to throw doubt upon its validity.  No unproved facts will be presumed for the purpose of casting doubt on a title which is otherwise valid.

The order must be affirmed, with $10 costs and disbursements.  All concur.