## McQUILLAN v. McQUILLAN et al.

(Supreme Court, Special Term, Queens County.    February, 1912.)

**1. PARTITION (§ 109\*)—MARKETABLE TITLE.**

A judgment in partition, sustained by evidence, which adjudges that the common source of title of the parties as heirs is dead, establishes the fact of death, binding on all of the necessary parties who were before the court, and a purchaser at a partition sale must complete his purchase as against the objection that the title is unmarketable for want of proof of the death of the common source of title.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 375–397; Dec. Dig. § 109.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

2. PARTITION (§ 50*)—PARTIES—UNNECESSARY PARTIES.

A judgment in partition, rendered when all the heirs of the deceased owner were before the court, is not invalidated because the complaint alleging the death of the owner made the owner a party defendant, together with each and every person entitled, in case of the owner's death, as widow, heir at law, or devisee, and the name of the deceased owner and the unknown owners may be stricken out in furtherance of justice as authorized by Code Civ. Proc. § 723.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 136–139; Dec. Dig. § 50.*]

Action by Margaret McQuillan against Jane McQuillan and others. Motions to compel the completion of a purchase at a partition sale and to be relieved therefrom. Motion to compel completion of purchase granted, and motion to be relieved therefrom denied.

May & Jacobson, for the motion.
A. J. Graeffe, opposed.

GARRETSON, J. Motion by plaintiff that assignee of purchaser complete her purchase. Counter motion by the latter to be relieved therefrom on the ground that the title tendered by the referee's deed is unmarketable.

The action is in partition, and the plaintiff's complaint proceeds upon the theory that the mother, brothers, and sisters of one John McQuillan are of his heirs at law. This rests upon the presumption of the death of John, intestate, unmarried, and without issue, sought to be sustained by facts and circumstances giving rise to the presumption. It also rests in part upon a similar presumption of the death of a brother, Michael, sustainable by similar facts and circumstances giving rise to the presumption. Both John and Michael were made parties defendant; their names being followed by the words:

"If said last-mentioned two defendants are living, and if any of them be dead, then each and every person entitled as husband, widow, heir at law or devisee;" etc.

It having been alleged in the complaint that both John and Michael were dead (particularly John, the common source of title), it is difficult to apprehend the theory upon which their names were inserted as defendants in the summons, complaint, etc., with the following alternative of unknown parties. This, to say the least, is quite novel in practice and would seem to have been wholly unnecessary.

[1] Upon the evidence of two disinterested witnesses living in Long Island City, besides that of the plaintiff, the referee found that both John and Michael died prior to the commencement of the action, and it was adjudged by the interlocutory judgment that they died ten years or more ago intestate, unmarried, and without issue. This evidence is of such a nature as to give rise to the presumption and sustain the finding. Matter of Sullivan, 51 Hun, 378, 4 N. Y. Supp. 59; Karstens v. Karstens, 29 App. Div. (opinion of Russell, J., at Special Term) at page 235, 45 N. Y. Supp. 966, 51 N. Y. Supp. 795;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Matter of Wagener, 143 App. Div. 286, 128 N. Y. Supp. 164; Barson v. Mulligan, 191 N. Y. at page 324, 84 N. E. 75, 16 L. R. A. (N. S.) 151.

The fact of death is deemed established by the judgment of the court, there being evidence which, taken with the presumption, is sufficient to warrant it. See Matter of Board of Education of New York, 173 N. Y. at pages 325, 326, 66 N. E. 11.

[2] All of the necessary parties were before the court and are bound by the judgment. That John and Michael and the alternative, classified unknown owners, were unnecessarily sought to be made parties can affect a substantial right of no one, and the insertion of their names and descriptions may be disregarded. Lenehan v. College of St. Francis Xavier, 51 App. Div. 535, 64 N. Y. Supp. 868. Should the plaintiff desire and so elect, these names may be stricken out by order in furtherance of justice. Code Civ. Proc. § 723.

The purchaser's assignee bases her objection solely upon the authority of Casey v. Casey, 19 App. Div. 219, 45 N. Y. Supp. 877, which, under the facts of the case at bar, I deem inapplicable and not controlling.

The plaintiff's motion is granted, with $10 costs, and the motion of the assignee of the purchaser is denied. The purchase to be completed within 10 days.