ALBERT N. LUBY, Plaintiff, *v.* WASHINGTON STERLING CORPORATION, Defendant.

Second Department, March 19, 1926.

**Vendor and purchaser — action by vendor for specific performance — defense that plaintiff is not sole owner — original owner half brother of plaintiff died in 1915 intestate, leaving two brothers and plaintiff as heirs at law — one brother has since died unmarried — other brother was last heard of in 1865 when he started for Ireland — plaintiff instituted partition proceedings naming, as one of defendants, brother who disappeared, if living, his wife, if any, and if dead, his heirs, etc.— referee reported against partition on ground that plaintiff was sole owner and found that brother who disappeared had died unmarried — plaintiff has good title.**

In an action by a vendor to compel the specific performance of a contract for the sale of real property defended on the ground that the vendor was not the sole owner, the vendor is entitled to judgment, since it appears that the original owner of the property, a half brother of the vendor, died in 1915 intestate, leaving two brothers and the plaintiff as his heirs at law; that subsequently and after the death of one brother without children, the plaintiff instituted an action in partition naming as one of the parties defendant a brother of the original owner who had not been heard of since 1865 when he started for Ireland and naming, also, the wife of said brother, if any, and naming if said brother were dead his heirs at law, etc.; that the referee in that action after hearing the evidence, which established that the brother who disappeared in 1865 had not been heard of or from since that time, that advertisements had been placed in papers but no information was received in regard to him and that he never reached his destination, reported against partition on the ground that the plaintiff was the sole owner of the property, and found in support of his report that the brother who disappeared had died intestate.

The judgment in the partition action instituted as it was against the brother who disappeared, or if dead against his heirs, etc., and the finding by the referee, clearly established the death of said brother who disappeared and that the plaintiff is the sole owner of the premises.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*Julius Lerner*, for the plaintiff.

*Max Rockmore*, for the defendant.

JAYCOX, J. The plaintiff and defendant have entered into a contract for the purchase and sale of certain real estate. The defendant claims there are defects in plaintiff's title and declines to accept the same and the parties have submitted to this court their controversy pursuant to sections 546 to 548 of the Civil Practice Act.

The premises were owned by one Andrew Luby, who died intestate March 12, 1915. Andrew Luby had two brothers, Thomas Luby and Terrence Luby, and one half brother, Albert N. Luby, the plaintiff in this submission. Since then Thomas Luby has died unmarried and without children. The whereabouts of Terrence were unknown. The last that was heard of him was in about the year 1865 when he was twenty-eight years of age, unmarried, a hard drinker, and left his home in Preemption, Ill., to go to Ireland. Since then, so far as the record shows, nothing has been heard of him. On the 16th day of June, 1922, Albert N. Luby commenced an action in partition in relation to these premises. The title of the action in the summons and complaint was as follows:

" SUPREME COURT, KINGS COUNTY.

" ALBERT NEWTON LUBY, Plaintiff,

" *against*

" Eliza Jane Luby, wife of Albert Newton Luby, Albert N. Luby, as administrator of the goods, chattels and credits which were of Andrew Luby, deceased, Albert N. Luby, as administrator of the goods, chattels and credits of Thomas Luby, deceased, and Albert N. Luby, as administrator of the goods, chattels and credits of Terrence Luby, Terrence Luby (also known as Ted Luby), if living, and ' Jennie ' Luby, his wife, or widow, if any (the name ' Jennie ' being fictitious, the true name, if any, being unknown to plaintiff), and if the said Terrence Luby be dead, then any and all persons having or claiming to have any estate, right, title and interest or claim upon the real property described in the complaint as widow, heirs-at-law, next of kin, devisees, grantees; assignees, lienors, executors, administrators or legal representatives or as creditors, assignees of creditors or

otherwise of any or either of the ones who may have died or of their or either of their husbands, widows, heirs-at-law, next of kin, legal representatives, assignees and successors in interest, and if said Terrence Luby pre-deceased Andrew Luby, then any and all persons having or claiming to have any estate, right, title, interest or claim upon the real property described in the complaint as widow, heirs-at-law, next of kin, devisees, grantees, lienors, assignees, executors, administrators, legal representatives or otherwise of Andrew Luby and as creditors, assignees of creditors, or otherwise of any or either of the ones who may have died or of their or either of their husbands, widows, heirs-at-law, next of kin, legal representatives, assignees, and successors in interest all of whom and whose names and places of residence are unknown to this plaintiff and cannot by him be ascertained, The People of the State of New York, Defendants."

In the complaint it was alleged that Andrew Luby had a brother Terrence, who disappeared from Preemption, Ill., in the year 1865, unmarried, and that he has never been heard of since.

" *Ninth.* That the aforesaid plaintiff and defendants Terrence Luby and any person claiming as an heir-at-law or next of kin of Terrence Luby, if any there be, are seized in fee simple of the real property of which said Andrew Luby died seized as tenants in common and the said premises are the only real property owned in common in the State of New York."

It is then alleged in the complaint that the plaintiff, Albert Newton Luby, is seized of an undivided one-half part thereof subject to the inchoate right of dower of his wife. The allegation in relation to the interest of Terrence Luby is as follows:

" That the defendant Terrence Luby, if living, is seized in fee simple absolute and is entitled to the possession of a one-half interest subject to the inchoate right of dower therein of his wife, if any, the defendant ' Jennie ' Luby, and if the said Terrence Luby be dead then his heirs-at-law and next of kin, if any, including the plaintiff, Albert Newton Luby, are seized and possessed in fee simple absolute and entitled to the possession of a one-half interest subject to the inchoate right of dower of the wife of Terrence Luby, if any, the defendant ' Jennie ' Luby.

" That the defendant ' Jennie ' Luby, if she be the wife or widow of said Terrence Luby, is entitled to an inchoate right of dower in the share or interest of her husband, Terrence Luby and if the said Terrence Luby be dead and the said Albert Newton Luby be the only heir-at-law and next of kin of said Terrence Luby, then the said Albert Newton Luby is entitled to the whole of said

premises subject to the inchoate right of dower of his wife, Eliza Jane Luby."

The complaint contains the usual demand for judgment. The summons was served by publication on " Terrence Luby " and all those mentioned after him in the title. Such proceedings were then had that a referee was appointed as he says in his report " to take proof of the plaintiff's title and the interest of the several parties in the premises mentioned in the complaint and of the allegations of the complaint and to ascertain and report the rights, shares and interests of the several parties in the premises and the nature and extent of the respective rights and interests therein." The referee took the proof and duly reported and found from the investigations made and the testimony taken before him that said Terrence Luby died leaving as his only heirs-at-law and next of kin Albert N. Luby and Thomas Luby. He also found the death of Thomas Luby and that he left as his only heir-at-law and next of kin Albert N. Luby. He also decided that a partition was unnecessary, as Albert N. Luby was the sole owner of the premises. Final judgment was thereupon entered ratifying, approving and confirming the said report of the referee and adjudging that the plaintiff " is seized and possessed in fee of the said lands and premises described in said complaint."

The defendant bases its allegation of defects in plaintiff's title upon the claim that the above-mentioned partition action was ineffectual to determine that Terrence Luby was dead and that he died without descendants. In support of this conclusion the defendant cites *Casey* v. *Casey* (19 App. Div. 219). That case in many respects was similar to this, and the court held: " It does not seem to us possible that rights can be extinguished by making persons parties to an action, and if dead their devisees, heirs-at-law and next of kin, and procuring an adjudication that such parties are dead and have died without issue. If the alleged parties are dead they cannot be parties to the action. If a person is made a defendant as an unknown person, it is an admission upon the record of his existence, and he cannot be obliterated from the record by being declared dead by the judgment. This condition is assumed by the provisions of section 1582 of the Code of Civil Procedure,* which provides that, where a person has been made a defendant as an unknown person, the court must direct his portion to be invested in permanent securities at interest for his benefit until claimed by him or his legal representatives. Neither can this provision of the Code be repealed by a declaration in the judgment that the person made defendant was improperly so made because dead."

* Now Civ. Prac. Act, § 1064.— [Rep.

I am unable to follow this reasoning. In that case if the complaint had alleged the death of an owner leaving five children whose names were unknown and the proof had shown the death of one of them, I think there can be no doubt of the power of the court to make the appropriate findings and decision. The fact that a person has been named as a party to an action does not justify a holding that the action cannot proceed if that person die. If the deceased party leave heirs not parties, they must be brought in. If the heirs are already parties, the action may proceed without amendment and a judgment entered appropriate to the situation as it then exists. I prefer the reasoning by the same court in *Lenehan* v. *College of St. Francis Xavier* (51 App. Div. 535), where it was said by RUMSEY, J.: " The fact that out of abundant caution the plaintiff's attorney unfortunately named unknown heirs who did not exist does not invalidate the title to be obtained under this judgment when it appears that every person who could possibly have any interest in this land is made a party to the action." In the final analysis I think all the *Casey* case decides is that persons cannot be made parties to a partition action and then, without proof of their deaths, be dropped out of the action and no share awarded to them or deposit made for them. The court in that case reviewed the proof and held that the deaths of the parties to that action had not been established. In this case I think the death of Terrence Luby unmarried and without issue is established. He left his home to go to Brooklyn, N. Y., and then to see his small brother in Ireland, and he never arrived at either of those places. This happened fifty-five or fifty-seven years ago. He has never returned to his home or communicated with his relatives or friends. Probability of his death is increased by the fact that he was a heavy drinker. Advertisements published in many papers published in the vicinity where he formerly lived brought no information in regard to him. Death may be established by presumption as well as by direct evidence. (*Matter of Board of Education of N. Y.*, 173 N. Y. 321, 326.) I think the evidence in this case fairly established the death of Terrence Luby and that his only heirs were his brothers Thomas and Albert; that Thomas has since died and left Albert sole owner of the premises.

*Ferry* v. *Sampson* (112 N. Y. 415) was a case involving the disappearance of a devisee of an interest in real property. He had been missing about forty years and it was held that a purchaser must accept the title derived from heirs, the court saying: " But the rule is not absolute that a disputable fact, not determined by the judgment, is in every case a bar to the enforcement of the sale. It depends in some degree on discretion. If the existence of the

alleged fact which is supposed to cloud the title is a possibility merely, or the alleged outstanding right is a very improbable and remote contingency, which, according to ordinary experience, has no probable basis, the court may, I suppose, compel the purchaser in such a case to complete his purchase. It is needless to say that the discretion is to be carefully and guardedly exercised, and only where the case is free from reasonable doubt."

The plaintiff is entitled to judgment directing the defendant to specifically perform the contract mentioned in the submission, and the plaintiff should recover the costs of the action.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Judgment for plaintiff directing the defendant to specifically perform the contract mentioned in the submission, with costs, in accordance with opinion.