CHARLES S. KENNEDY, Respondent, *v.* THE NEW YORK LIFE INSURANCE AND TRUST COMPANY, Appellant.

An affidavit, upon which an order for service of summons by publication under the Code of Procedure (§ 135) was granted, stated that the defendants "cannot after due diligence be found within this State," that they were residents of other States named, and that the summons "was duly issued for said defendants, but cannot be served personally upon them by reason of such non-residence." *Held,* that the affidavit was sufficient to sustain the order and to give the court jurisdiction, at least where collaterally brought in question.

*Carleton* v. *Carleton* (85 N. Y. 313), distinguished.

*Kennedy* v. *N. Y. L. Ins. and T. Co.* (32 Hun, 35), reversed.

(Argued March 5, 1886 ; decided March 23, 1886.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 12, 1884, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term. (Reported below, 32 Hun, 35.)

This action was brought to recover damages for an alleged breach of a contract by defendant to sell and convey to plaintiff certain premises.

Defendant acquired title under a foreclosure sale; it was ready and willing to convey, but plaintiff declined to accept a conveyance, claiming defendant's title was defective, in that the summons in the foreclosure suit was served by publication, and that the affidavit upon which the order for such service was made was insufficient to give the court jurisdiction.

*R. E. Robinson* for appellant. Even statements capable of being construed as allegations of fact would be sufficient for jurisdiction. (*Belmont* v. *Comen,* 82 N. Y. 256.) If there was any evidence of an attempt to find and serve it was enough to confer jurisdiction. (*Staples* v. *Fairchild,* 3 N. Y. 41 ; *Peck* v. *Cook,* 41 Barb. 549 ; *Van Wyck* v. *Hardy,* 39 How. Pr. 392 ; *Roche* v. *Ward,* 17 id. 416 ; *Titus* v. *Relyea,* id. 265 ; *Barnard* v. *Heydrick,* 49 Barb. 62 ; *Steinle* v. *Bell,* 12 Abb. Pr. 171 ; *Howe Machine Co.* v. *Pettibone,* 74 N. Y. 68 ; *Wortman* v. *Wortman,* 17 Abb. Pr. 66.) The recital in the order that the defendant cannot after due diligence be found is *prima*

*facie* evidence of the existence of such fact. (*Bosworth* v. *Vandewalker*, 53 N. Y. 597; *Maples* v. *Mackey*, 89 id. 146.)

*Josiah T. Marean* for respondent.    Non-residence of a defendant does not dispense with effort to find within the State. (*Carlton* v. *Carlton*, 85 N. Y. 313; Code of Procedure, § 135; *Howe Machine Co.* v. *Pettibone*, 74 N. Y. 71.)    The interpretation of the language of a deposition is a matter of law. (*Bixby* v. *Smith*, 3 Hun, 63; *Peck* v. *Cook*, 41 Barb. 549; *Long* v. *Rogers*, 19 Ala. 321, 331; *Carpenter* v. *People*, 8 Barb. 610; *Hill* v. *London G. L. Co.*, 3 II. & N. 920.)

MILLER, J.    The right of the plaintiff to recover in this action depends upon the construction to be placed on section 135 of the Code of Procedure.

In *Carleton* v. *Carleton* (85 N.Y. 313), upon which the respondent relies, the affidavit stated, "that defendant has not resided in the State of New York since March, 1877, and deponent is advised and believes is now a resident of San Francisco, California," and it was held, that this was not sufficient under the Code of Procedure (§ 135), to authorize the granting of the order; that it was merely an allegation of non-residence, and did not tend to establish that defendant could not, after due diligence, be found within the State.

It will be seen that in the case cited the affidavit as to residence is upon information and belief and does not show positively and distinctly that the defendant was a non-resident. Considerable stress is laid upon this fact, and in the opinion it is said : " Cases may arise where the proof of residence in a distant State at the very time, and of an absolute location there, would be so strong and conclusive as to render it entirely apparent that no act of diligence would be of any avail; and if the affidavit here had stated positively and distinctly that the defendant was at the time not only a resident of the State of California, but was then actually living in that State, there would be ground for claiming that due diligence would be unavailing."

It would thus seem that where the proof of non-residence is clear and conclusive, and that the defendant is living out of the State and in a distant State, there may be strong reasons for holding that proof of due diligence is not required and a different result arrived at.

The case under consideration differs somewhat from *Carleton* v. *Carleton* (*supra*). The affidavit here states that the defendants " cannot, after due diligence, be found within this State " (they being residents of other States as therein named), and "that the summons herein was duly issued for said defendants, but cannot be served personally upon them by reason of such non-residence." Here is a clear statement that the defendants are non-residents of the State and reside in other and distant States, and that the summons which has been issued cannot be served by reason thereof. This supplies the defect in the affidavit in the case cited in reference to the proof of non-residence and establishes beyond question that fact, making the case considered stronger in this respect than the one cited. The allegation as to non-residence is preceded by the statement that the defendants cannot, after due diligence, be found within this State, which, taken in connection with the subsequent averment as to non-residence, may be considered, we think, as a statement either that an attempt has been made to find the defendants, or at least that they are so remotely located out of the State and have such a fixed residence that it would be impossible after due diligence to find them within the State for the purpose of serving the summons on them.

The statement as to due diligence is not absolutely an allegation of a conclusion of law, or an opinion, but, in connection with what follows, a statement of facts which tend to establish that due diligence has been used.

The two cases are clearly distinguishable, and we think the affidavit here contained allegations sufficient to call upon the judicial mind to determine whether due diligence had been employed to find the defendants, for the purpose of serving the summons issued. In granting the order, the judge so held, and as the language employed will bear this interpretation, the court should not, certainly in a collateral proceeding, determine that the affidavit was entirely defective and set aside the order.

The order of the General Term should be reversed and the judgment of Special Term affirmed.

All concur.

Order reversed, and judgment affirmed.