TERENCE McCRACKEN, Appellant, *v.* WILLIAM C. FLANAGAN et al., Respondents.

Where an order for the publication of a summons was granted, under the Code of Procedure (§ 435, subd. 3), upon affidavit stating "that defendant is a non-resident of this state nor can be found therein," *held,* that the affidavit was insufficient to give jurisdiction, and that a judgment entered against the defendant by default and a title under a sheriff's deed upon a sale of his property under said judgment, were void; that the affidavit should have shown to the satisfaction of the judge the exercise of and the failure to find defendant in the state, "after due diligence." (See also Code Civ. Pro. § 439.)

*Kennedy* v. *N. Y. Life Ins. & Tr. Co.* (101 N. Y. 487); *Jerome* v. *Flagg* (48 Hun, 351); *Seiler* v. *Wilson* (43 id. 629), distinguished.

(Argued June 15, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 8, 1889, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The action was ejectment brought to recover the possession of two lots of land situate at Mount Vernon, Westchester county, by the plaintiff McCracken alleging ownership. The answer alleged ownership in defendants and possession by them as such owners.

Upon the trial the plaintiff relied upon a conveyance of the premises in question from one Henry Kahle, who on the 12th day of December, 1867, was the owner of such premises, to the plaintiff and one Patrick McCracken, by deed executed on the 17th day of May, 1869. The said Patrick, by his will, devised his interest in the same to the plaintiff.

The defendants claimed title to the premises through a deed from the sheriff of Westchester county, made to one Lawrence Cartan on the 25th day of January, 1869, and by mesne conveyances from Cartan to one Edward Flanagan, and from the latter to the defendants.

The sheriff's conveyance was made in pursuance of a sale of said premises under a judgment in an action determined by judgment in favor of Lawrence Cartan and others against said Henry Kahle in the Supreme Court. A warrant of attachment was issued in said action on the ground that Kahle was not a resident of the state of New York. A notice of the pendency of the action was duly filed and an order was procured from the county judge of Westchester county for the service of the summons by publication. Kahle, the defendant in that action, did not appear therein. Publication was made under section 136, subdivision 3 of the Code of Procedure then in force.

Further facts are stated in the opinion.

*Eugene S. Ives* for appellant. The affidavit upon which the order of publication was granted was insufficient. (*Carleton* v. *Carleton*, 85 N. Y. 313.) The words "nor can be found therein," are a conclusion of law pure and simple. (*Bixby* v. *Smith*, 3 Hun, 60.) The chief and essential fact necessary to justify the order of publication, that the defendant cannot, after due diligence, be found within the state, was never in any manner laid before the judge. (*Smith* v. *Mahon*, 2 Civ. Pro. Rep. 55; *Greenbaum* v. *Dwyer*, 66 How. Pr. 266.)

*James W. Covert* and *Thomas J. McKee* for respondents. The order for the service of the summons by publication in the action of *Cartan* v. *Kahle* was valid. (*Dunnan* v. *McGuire*, 101 N. Y. 164; *Kennedy* v. *N. Y. L. Ins. Co.*, 101 id. 48; *Belmont* v. *Cornen*, 82 id. 256.) The validity of the order cannot be impeached in this action. (*Silver* v. *Wilson*, 43 Hun, 629.)

Potter, J. The affidavit upon which the judge granted the order for service of the summons and complaint upon the grantor of plaintiff was as follows :

"City and County of New York, *ss. :*

"Minott M. Silliman being duly sworn, says that he is one of the attorneys for the plaintiffs in the above entitled action ; that a summons has been issued in this action against the defendant therein ; that defendant is a non-resident of this state, nor can be found therein, but has a place of residence at Matewan, in the state of New Jersey ; that this action is brought to recover the sum of nine hundred and sixty-four dollars and thirty-two cents, and the ground of the plaintiffs' claim in this action is a promissory note made by said defendant for seven hundred and twenty-seven dollars, and due December 13th, 1866, and one dollar and eighty-one cents for protest of said note, and two dollars and fifty-five cents interest due thereon, and the further sum of two hundred and thirty-one dollars and sixty-six cents, with one dollar and thirty cents interest due thereon on a book account for goods sold and delivered by said plaintiff to said defendant, which said several sums still remain due and unpaid.

"That said defendant has property consisting of real estate situated at Mount Vernon, in said county of Westchester and state of New York."

The affidavit is made by one of plaintiffs' attorneys and, though it embraces several quite diverse subjects, it nevertheless imports unqualified knowledge in respect to all of them.

The sole question sought to be raised upon this appeal by the appellant arises upon section 135 of the Code of Procedure, which is in these words : "Where the person on whom the service of the summons is to be made cannot, after due diligence, be found within the state, and that fact appears to the satisfaction of the court or a judge thereof, or of a county judge of the county where the trial is to be had, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is.

a proper party to an action relating to real property in this state, such court or judge may grant an order that the service be made by the publication of a summons in either of the following cases : Sub. 3. Where he is not a resident of this state, but has property therein, and the court has jurisdiction of the subject of the action," which precedes the specifications of the class of cases in which service of the summons other than personal may be made.

It would seem that, by a just construction of that section, certain facts are required to be made to appear to the satisfaction of the court or judge before granting the order for this exceptional mode of service of process upon the defendant in the action, viz., that such person cannot after due diligence be found within this state, and that a cause of action exists against such defendant in certain respects.

There is no question that the affidavit in this case makes it appear that a cause of action exists against the defendant, and the nature of it. But does the affidavit make these facts appear, viz., that the defendant cannot after due diligence be found within the state ? This language fairly imports two facts, viz., the exercise of due diligence to find the defendant within this state, and the failure to find him through the exercise of such diligence.

Assuming that it was competent for the affiant to depose that the defendant could not be found within the state, will such statement in the affidavit suffice for the proof of the exercise of due diligence to find the defendant, or is due diligence necessarily to be imported into the affidavit or to be inferred from the statement therein that the defendant cannot be found within the state ? If that was the case, the legislature would doubtless have been satisfied to have the affidavit state that the defendant cannot be found within the state and not have superadded thereto the phrase " after due diligence."

Besides, it is a fundamental rule that when facts are to be found by a judge or jury, the evidence of the existence of the requisite facts must be presented, and not the conclusion or inference of the affiant or witness that the requisite facts exist.

If this were not so, the judicial function of the court or jury would be superseded, and the conclusion of the affiant or witness would be substituted instead of the judgment of the court or jury.

It is plain, from a consideration of the law, that jurisdiction of a court to render a judgment against a party to an action is ordinarily acquired by the personal service of process, as well as from the phraseology of section 135, that the order for a different mode of service may only be granted upon proof by affidavit of the existence of certain facts, and hence the fact and the mode of establishing it is jurisdictional.

Now, the fact to be proved is that the defendant cannot be found in the state after or through due diligence used for the purpose of finding the defendant, in order to make personal service of the summons upon him. The order which is based upon the affidavit, and is in its nature and office an adjudication that due diligence has been used to find and serve the defendant personally, contains no statement in respect to diligence.

We will now turn to the decisions of the courts upon this point and see whether they indicate any departure from the rule as above stated. In the case of *Kennedy* v. *New York Life Ins. & Tr. Co.* (101 N. Y. 487), cited in the opinion of the learned General Term in this case, and which was an action to foreclose a mortgage upon real estate, the affidavit upon which the order of publication was made stated that the defendants "cannot after due diligence be found within this state," they being residents of other specified states, "that the summons herein was duly issued for said defendants, but cannot be personally served upon them by reason of such non-residence." The affidavit in the case cited states in the language of the statute that "the defendant cannot after due diligence be found within this state," * * * "but cannot be served personally upon them by reason of such non-residence."

The affidavit in the case under consideration entirely omits the words "after due diligence," or to state that any degree of diligence whatever had been used to find the defendant. If it

were competent for a party to state that he has used diligence or due diligence, then the affidavit in the case cited might be held sufficient, especially in connéction with the further statement that they "cannot be served personally upon them by reason of such non-residence."

In the case of *Carleton* v. *Carleton* (85 N. Y. 313), this court held that an affidavit stating "that the defendant has not resided within the state of New York since March, 1877, and deponent is informed and believes that the defendant is now a resident of San Francisco, California," was insufficient to confer jurisdiction. The affidavit in the latter case, like the affidavit in this case, entirely omits the averment of due or any diligence, and has the like averment of the non-residence of the defendant. The opinion in the two cases (101 N. Y. and 85 N. Y. *supra*) was written by the same judge, and was concurred in by all the members of the court, and, moreover, the opinion in 101 N. Y. expressly reaffirms the opinion in 85 N. Y., and maintains there is a distinction between the affidavit in the two cases. But the same distinction exists between the case at bar and the case in 101 N. Y. that exists between the case in 85 N. Y. and 101 N. Y. *supra*. The reasons and comments contained in the opinion in 85 N. Y. are applicable to the case at bar and need not be here repeated.

The case of *Jerome* v. *Flagg* (48 Hun, 351) is in line with the case of *Kennedy* v. *New York Life, etc.* (101 N. Y. *supra*), and the affidavit was held sufficient upon the ground that the expression in the affidavit "that said defendant cannot, with due diligence, be served personally within the state," must be regarded not solely as a conclusion of law, but as a statement of fact tending to show that due diligence had been used.

To the same effect is the case of *Seiler* v. *Wilson* (43 Hun, 629), and the distinction is made and followed between the *Kennedy* case (101 N. Y.) and *Carleton* case (85 id. *supra*) and *Lockwood* v. *Brantly* (31 Hun, 155) and *Bixby* v. *Smith* (3 id. 60) and *Esterbrook* v. *Esterbrook* (64 Barb. 621).

The question in *Bixby* v. *Smith* (*supra*) arose collaterally in an application to be relieved from a contract to purchase a

title affected by this alleged defect. The affidavit in the case cited stated that six of the defendants resided at Selina, in the state of Alabama, and one of the defendants at Greenville in that state. The court in the opinion in the case last cited uses the following language : " There is no statement in the affidavit that these defendants could not be found within the state after due diligence, nor is there anything to show that any effort had been made to find them. The affidavit rests upon the naked assertion of non-residence. The order in form follows the affidavit. It recites that it appeared to the satisfaction of the court that the defendants named are non-residents of the state and reside at the places named in the affidavit. The order fails to recite that it also appeared to the satisfaction of the court that the defendants could not, after due diligence, be found in this state. There is nothing to indicate in the order that the judge or court passed upon that question, and nothing was laid before the judge calling for his determination of that question. The order, it appears, was made by myself at chambers in the haste and pressure of business at that court, relying on the experience of the attorney in this class of actions in the preparation of such papers and orders. I am unable to see any ground upon which the order can be treated as valid. A part of the defendants named as non-residents did not appear in the action, and as to them the judgment is inoperative."

It is, from an examination of this statute, and the decisions in relation to it, pretty evident that *some degree* of diligence must be exercised to find the party, and what is a due degree depends upon circumstances surrounding each case, and that the simple averments in the affidavit that the defendant is a non-resident and cannot be found within the state are not alone sufficient to support an order for the service of a summons by publication. Those facts do not imply that any diligence has been exercised to find and serve the defendant personally with process. It needs no argument to show that the averment in the affidavit that the defendant cannot be found in the state does not tend to prove the exercise of due diligence to find the defendant, for the statute in question not only requires

that it be staued in the affidavit that the defendant cannot be found, but expressly requires the averment that he cannot be found after due diligence. Hence, the statute forbids that due diligence may be implied from the statement that the defendant cannot be found within the state.

In view of the decisions above referred to, and the cases therein referred to, we are constrained to a different conclusion from that expressed in the opinion of the learned General Term in this case, "that the title of the defendant's grantor under the sheriff's deed to him in pursuance of the sale under the judgment was valid, and that the defendant derived a good title from his grantor. The plaintiff, therefore, took no interest in the property under the devise in the will of McCracken, because the grantor of his devisor had been divested of the title by the sale under the judgment against him in the attachment suit."

The judgment should, therefore, be reversed, and a new trial granted, costs to abide event.

All concur, except BROWN, J., not sitting.

Judgment reversed.