(25 Civ. Proc. R. 16; 14 Misc. Rep. 74.)

ORR v. CURRIE.

(Supreme Court, Special Term, New York County. September 5, 1895.)

SUMMONS—SERVICE BY PUBLICATION—AFFIDAVIT.

 An affidavit in support of a motion for leave to serve summons by publication, which states that defendant is a nonresident of the state, and recites her place of residence, and that she "is of full age, and that plaintiff will be unable to make personal service of summons upon said defendant; that the sources of my information and the grounds of my belief are correspondence had with defendant from her said residence in New Jersey, and from conversations had with the son and representative of defendant," but which does not state that plaintiff will be unable to make the service "after due diligence," or show what the correspondence and conversations with defendant and her son were,—is insufficient.

Action by Ellen J. Orr against Mary W. Currie. Defendant moves to set aside an order granting leave to serve summons by publication. Granted.

Clarence D. Cruikshank, for plaintiff.
John J. Adams, for defendant.

BEEKMAN, J. This is a motion to set aside an order of publication of the summons, on the ground of the insufficiency of the affidavit. The affidavit reads as follows:

"That heretofore, and on the 24th day of June, 1895, an attachment was issued against the defendant, as a nonresident of the state of New York, upon an action for breach of contract, other than a contract to marry, as is more particularly stated in the verified complaint hereto annexed; that defendant resides at 440 Maple avenue, Elizabeth, New Jersey, is of full age, and that plaintiff will be unable to make personal service of a summons upon said defendant; that the sources of my information and the grounds of my belief are correspondence had with defendant from her said residence in New Jersey, and from conversations had with the son and representative of the defendant; that the summons was duly issued herein, but, by reason of the nonresidence of the defendant, as aforesaid, has not been served; that no previous application for an order of publication has been made herein."

It is contended on behalf of the defendant that the affidavit was absolutely barren of any proof from which the learned justice who granted the order could conclude that the plaintiff would be unable, with due diligence, to make personal service of the summons upon the defendant, as the order recites. The rule undoubtedly is that such a recital in the order is a judicial finding, and is, therefore, to be supported if there is any evidence, even though it be slight, from which an inference might fairly be drawn that due diligence, or, as it has been phrased, "ordinary and suitable diligence," considering the facts and circumstances peculiar to the case, has been employed. But where the affidavit is entirely barren in its statements of facts, so that it becomes a matter of pure speculation as to the grounds upon which the applicant bases his claim to the order, the recital or finding of the judge cannot be accepted as a sufficient support for his order. The proceeding is a jurisdictional one, through which the property rights of those beyond the jurisdiction of the court are to be affected, and the statu-

tory basis for the order must appear upon the record, to give it vitality.

The courts have gone very far in their efforts to support such orders, and the rule seems to be that they should be sustained if the papers upon which they are founded contain any evidence from which it may fairly be inferred that the case is one within the statute. The rule is a reasonable one; at least, it is one which I have attempted to follow in my efforts to uphold the order in question. I have, however, been forced to the conclusion that the affidavit in this case does not respond to the test of even this mild principle, and that the order resting upon it is, therefore, fatally defective. It will be observed that the only fact relevant to the point of the objection which it states is "that defendant resides at 440 Maple avenue, Elizabeth, New Jersey, is of full age, and that plaintiff will be unable to make personal service of a summons upon said defendant." It will be noticed that the affiant does not state that he will be unable to make the service "after due diligence," in the words of the statute. Had he done so, this case would have come nearer to that of Kennedy v. Trust Co., 101 N. Y. 487, 5 N. E. 774, in which the court says (page 489, 101 N. Y., and page 774, 5 N. E.):

"The statement as to due diligence is not absolutely an allegation of a conclusion of law, or an opinion, but, in connection with what follows, a statement of facts which tend to establish that due diligence has been used."

In that case, as the opinion shows, the affidavit stated that the defendants "cannot, after due diligence, be found within this state," they being residents of other states, as therein named, and "that the summons herein was duly issued for said defendants, but cannot be personally served upon them by reason of such nonresidence." The comment of the court upon this is as follows:

"Here is a clear statement that the defendants are nonresidents of the state, and reside in other and distant states, and that the summons which has been issued cannot be served by reason thereof. * * * The allegation as to nonresidence is preceded by the statement that the defendants cannot, after due diligence, be found within this state, which, taken in connection with the subsequent averment as to nonresidence, may be considered, we think, as a statement either that an attempt has been made to find the defendants, or, at least, that they are so remotely located out of the state, and have such a fixed residence there, that it would be impossible, after due diligence, to find them within the state, for the purpose of serving the summons on them."

An examination, however, of the affidavit under consideration, will immediately disclose the fact that it falls far short of the facts upon which the reasoning in the above quoted case rests. There is no averment of "due diligence." The statement is "that the plaintiff will be unable to make personal service of a summons upon said defendant." The gravity of this omission is demonstrated in the case of McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385, where the court says (page 496, 127 N. Y., and page 385, 28 N. E.) that, if due diligence was to be inferred from the statement that the defendant cannot be found within the state, "the legislature would doubtless have been satisfied to have the affidavit state that the defendant cannot be found within the state, and not have superadded there-

to the phrase 'after due diligence.'" Furthermore, the inferences which were considered allowable in the case of Kennedy v. Trust Co., supra, from the fact that the residence of the party proceeded against was in a distant state, find no place in the case under consideration, where the defendant is alleged to reside in a border state, at a place close to the boundary, and where hundreds reside who daily transact their business within the city of New York. Carleton v. Carleton, 85 N. Y. 313.

I have examined the other cases to which I have been referred by the counsel for the plaintiff, and in each of them the affidavit expressly states, not only that the defendants reside in some other state, but also that they are actually there at the time. Lockwood v. Brantly, 31 Hun, 155; Chase v. Lawson, 36 Hun, 221; Jerome v. Flagg, 48 Hun, 351, 1 N. Y. Supp. 101. Nor is the plaintiff helped by the allegation, in the affidavit under consideration, "that the sources of his information and the grounds of his belief are correspondence had with the defendant from her said residence in New Jersey, and from conversations had with the son and representative of the defendant." What was written and what was said do not appear, and the court is without the slightest information of the facts themselves, upon which to determine whether service could or could not be had with the exercise of due diligence. The whole clause has the effect, and only the effect, of making the previous averment of the affidavit on information and belief.

As was said by Mr. Justice Van Brunt in the case of Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821 (at page 275, 87 Hun, and page 821, 33 N. Y. Supp.):

"Where a party alleges upon information and belief, and states that the sources of his information are certain writings, the court is entitled to know what the writings are, in order to see whether the affiant is justified in his belief or not."

The court must be satisfied upon the facts, and not because the plaintiff is satisfied by reason of facts which he does not disclose.

Upon a careful consideration of the whole affidavit in this case, I find myself unable, upon the authorities, to reach any other conclusion than that it is radically deficient. Had it contained a statement of facts which would sustain the conclusion that the defendant could not, after due diligence, be served within the state, or, possibly, if, upon the meager statement presented, the averment had been that the plaintiff would not be able so to serve the defendant, after due diligence, the order would have been sustainable; but, in the absence of either of these conditions, the affidavit, even under the most favorable of the decisions which may be regarded as authorities, fails to support the order. It follows that the order must be vacated. Motion granted, with $10 costs.