(33 Misc. Rep. 558.)

SALISBURY v. COOPER et al.

(Supreme Court, Special Term, New York County. January, 1901.)

1. PROCESS—FORECLOSURE—AFFIDAVIT FOR SERVICE BY PUBLICATION—SUFFI-
CIENCY.

An affidavit for publication against a defendant in foreclosure alleged
that he "cannot, after due diligence, be found within this state," and "that
his residence is unknown to this deponent, nor can the same, after rea-
sonable diligence, be ascertained by him, this deponent," being practically
in the language of Code Civ. Proc. § 135, subd. 4, in force in 1860, pur-
suant to which it was made, and which required that these two proposi-
tions should be supported by affidavit to the satisfaction of the court,
the first being essential to the order itself, and the second to that part
of it dispensing with mailing the summons. *Held,* that the averment of
"due diligence" must be held in a collateral action to prove that fact so
far as to have given the court jurisdiction to act thereon, and that the
further statement that defendant's residence was unknown, and could not
be ascertained "after reasonable diligence," was likewise a sufficient state-
ment of fact.

2. SAME—ATTORNEY'S RIGHT TO MAKE AFFIDAVIT.

Code Civ. Proc. § 135, in force in 1860, permitting service by publication
against defendants who cannot be found after due diligence, where "that
fact appears by affidavit to the satisfaction of the court," does not exclude
the attorney for plaintiff from making the affidavit.

Action by Randall Salisbury against William C. Cooper and others.
A demurrer to the answer is sustained.

William B. Ewing, for demurrer.
Reeves, Todd & Swain, for defendant McGibbon, opposed.

BISCHOFF, J. The question of title raised by the answer before
me turns upon the sufficiency of the affidavit to support the order
of publication under which it was sought to obtain jurisdiction of a
certain defendant in a foreclosure action instituted in the year 1860.
This affidavit states simply that the defendant "cannot, after due dili-
gence, be found within this state," and "that his residence is un-
known to this deponent; nor can the same, after reasonable diligence,
be ascertained by him, this deponent"; the words used being prac-
tically in the language of the statute applicable at the time (Code
Civ. Proc. § 135), which required that these two propositions should
be supported "by affidavit to the satisfaction of the court" (or judge);
the first being essential to the order itself, and the second to that
part of it which dispensed with the mailing of the summons. The
point in dispute is whether the averment that "due diligence" had
been used could suffice to prove the fact so far as to give the court
jurisdiction to act upon the affidavit; the rule being that the order of
publication is proof against collateral attack where the affidavit
could have tended to support the facts called for by the statute. Bel-
mont v. Cornen, 82 N. Y. 256; Orr v. Currie, 14 Misc. Rep. 74, 35 N.
Y. Supp. 198. The allegation that the defendant cannot be found
after due diligence may be taken as the assertion of a fact, suffi-
cient to support a finding of that fact for the purposes of an order
of publication. Kennedy v. Trust Co., 101 N. Y. 487, 5 N. E. 774;
Jerome v. Flagg, 48 Hun, 351, 1 N. Y. Supp. 101. It is true that in
these cases there was an additional allegation of nonresidence, the

application having been made upon that very ground (Code Civ. Proc. § 135, subd. 3), and the statement as to "due diligence" was treated as somewhat fortified by the fact of the party's nonresidence, while in the case before me, the order having been made under subdivision 4 of section 135, no allegation of nonresidence was required (Barnard v. Heydrick, 2 Abb. Prac. [N. S.] 47), and there appears only the statement of "due diligence." Inability to discover the party by the exercise of due diligence is, however, wholly distinct from the fact of his nonresidence, and proof of the latter is insufficient to establish the former. Bixby v. Smith, 3 Hun, 60. Therefore, in a case depending simply upon the question of due diligence, I think the effect given to this form of allegation in the Kennedy Case must be taken as sufficiently strong to support the order, and for this purpose the further statement that the defendant's residence was unknown, and could not be ascertained "after reasonable diligence," would also appear to be a sufficient statement of fact. There appears to be no merit in the contention that the affidavit should have been made by the plaintiff, rather than by the attorney. The statute certainly did not exclude the attorney from the class of persons who might make the necessary averments, and, as appears from the reported cases, the settled practice has been to receive the attorney's affidavit as sufficient for the purposes of such an application.

Demurrer sustained, with costs; leave to amend on usual terms.