it was not well taken, within the case of Wagner v. People, *41 N. Y. 684.

Upon the whole case, we think that the defendant was properly convicted, and the judgment must be affirmed. All concur.

(58 App. Div. 540.)

### BOEGER v. HOFFMAN.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

PREFERENCE—ARREST—BAIL.

 Under general rule of practice 36, declaring that, if a defendant be imprisoned under an order of arrest in the action, the same shall be preferred, the plaintiff is not entitled to a preference where defendant has given bail and been discharged from arrest.

Appeal from trial term, New York county.

Action by Henry Boeger against Joseph A. Hoffman. From an order denying a motion for a preference, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. Edgar Goldman, for appellant.
George A. Baker, for respondent.

RUMSEY, J. The claim for a preference was made under general rule 36, on the ground that the defendant was imprisoned under an order of arrest. It appeared, however, that he had given bail, and that, having given bail, he had been "discharged from arrest," as it is expressed in section 573 of the Code of Civil Procedure. Clearly, having been discharged from arrest, he cannot legally be said to be imprisoned under an order of arrest, and for that reason the preference should have been denied. The plaintiff cites the case of Knox v. Dubroff, 17 App. Div. 290, 45 N. Y. Supp. 271, as authority that the action should have been preferred; but it appeared in that case that the plaintiff had obtained an attachment upon the defendant's property, and the action was held to be preferable upon that ground. The question discussed in Refining Co. v. Taussig, 19 Abb. N. C. 57, has nothing to do with the case at bar. The order therefore should be affirmed, with $10 costs and disbursements. All concur.

(58 App. Div. 524.)

### SALISBURY v. COOPER et al.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

PROCESS—SERVICE BY PUBLICATION—SUFFICIENT AFFIDAVIT.

 Under Code Proc. § 135, providing that, "where the person on whom service of the summons is to be made cannot after due diligence be found within the state, and that fact appears by affidavit to the satisfaction of the court," the court may order service by publication, an affidavit by plaintiff's attorney that the defendant "cannot, after due diligence, be found within this state, and that his residence is unknown, and cannot be ascertained" by the affiant, is a sufficient statement of fact to confer jurisdiction to grant an order directing service by publication.

Appeal from special term, New York county.

Action by Randall Salisbury against William C. Cooper and others. From a judgment of the special term (68 N. Y. Supp. 876) sustaining plaintiff's demurrer to a separate defense contained in the answer, Duncan McGibbon and another appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Harold Swain, for appellants.
William B. Ewing, for respondent.

INGRAHAM, J. This action was in partition, and the appellant interposed as an affirmative defense a denial that the parties to this action were severally seised and possessed of an interest in the premises, and this question of title depends upon the jurisdiction of the court to grant an order of publication in a foreclosure suit. It seems that in the year 1860 one Joseph A. Woolf was the owner of the property in controversy, which was subject to a mortgage held by one Thomas Wilson. Wilson commenced an action to foreclose that mortgage in the county of Westchester. The summons in that action was served by publication under an order of the county judge of Westchester county dated July 28, 1860. The affidavit upon which that order was obtained, after setting up the nature of the action and the claims of the parties, alleged that the defendant, Joseph A. Woolf, "cannot, after due diligence, be found within this state, and that his residence is unknown to this deponent; nor can the same, after reasonable diligence, be ascertained by him, this deponent." This was the only allegation as to the residence of Woolf, and upon that affidavit an order was granted by the county judge directing the summons to be served by publication, but contained no direction as to the mailing of the summons. The order contained a statement that:

"It appearing to my satisfaction by the affidavit of Samuel M. Purdy, attorney for the plaintiff in this action, * * * that the said defendant, Joseph A. Woolf, is a necessary and proper party to this action as mortgagor, and that the said Joseph A. Woolf cannot, after due diligence, be found within this state, and that his residence is unknown, nor can the same, after reasonable diligence, be ascertained, I do order." .

It is not disputed but that the order was regular if the affidavit was sufficient to give the judge jurisdiction. At the time this order was made, section 135 of the Code of Procedure provided that:

"Where the person on whom the service of the summons is to be made cannot after due diligence be found within the state, and that fact appears by affidavit to the satisfaction of the court, or a judge thereof, or of the county judge of the county where the trial is to be had, * * * such court or judge may grant an order that the service be made by the publication of a summons. * * * The order must direct the publication to be made in two newspapers to be designated as most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, not less than once a week for six weeks. In case of publication, the court or judge must also direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the person to be served, at his place of residence unless it appears that such residence is neither known to the party making the application, nor can with reasonable diligence be ascertained by him."

The affidavit upon which this order was granted stated as a fact that the defendant who was to be served with the summons could not, after due diligence, be found within the state, and that his residence was unknown to the deponent, nor could the same, after reasonable diligence, be ascertained by the deponent.   In determining this question we must not lose sight of the distinction between the sufficiency of the fact alleged to give the court jurisdiction to make an order and the sufficiency of the affidavit when a direct attack is made upon it, —as where an application is made to vacate the order of publication.   In one case the question is whether the judge had acquired jurisdiction upon the papers presented to determine the fact of residence and diligence; and, on the other hand, whether, having jurisdiction, there was sufficient proof to warrant him in reaching the conclusion he did reach.   The section of the Code requires that the judge granting the order must be satisfied that the person on whom the service of the summons is to be made cannot, after due diligence, be found within the state.   The plaintiff's attorney swears positively that Woolf cannot, after due diligence, be found within the state, and that his residence is unknown.   He thus swears to the existence of that of which the judge was required to be satisfied, and the allegation satisfied the judge who granted the order.   In the case of Carleton v. Carleton, 85 N. Y. 313, it was held that an affidavit which stated "that defendant has not resided in the state of New York since March, 1877, and deponent is advised and believes is now a resident of San Francisco, California," was not sufficient, under the Code of Procedure (section 135), to authorize the granting of the order; that it was merely an allegation of nonresidence, and did not tend to establish that the defendant could not, after due diligence, be found within the state.   In Kennedy v. Trust Co., 101 N. Y. 488, 5 N. E. 774, the affidavit stated that the defendants could not, after due diligence, be found within the state, they being residents of other states named, and that the summons was duly issued for the said defendants, but could not be served personally upon them by reason of such nonresidence; and it was held that the affidavit was sufficient to give the court jurisdiction, as there was a "clear statement that the defendants are nonresidents of the state, and reside in other and distant states, and that the summons which has been issued cannot be served by reason thereof.   This supplies the defect in the affidavit in the case cited in reference to the proof of nonresidence, and establishes beyond question that fact, making the case considered stronger in that respect than the one cited"; that that allegation could be considered a statement "either that an attempt has been made to find the defendants, or, at least, that they are so remotely located out of the state, and have such a fixed residence, that it would be impossible, after due diligence, to find them within the state for the purpose of serving the summons on them"; that "the statement as to due diligence is not absolutely an allegation of a conclusion of law, or an opinion, but, in connection with what follows, a statement of facts which tend to establish that due diligence has been used."   Here the allegation is absolute that the defendant cannot, after due diligence, be found within this state; that his residence is unknown, nor can the

same, after reasonable diligence, be ascertained by the deponent. Applying the principle stated in this last case, it would seem that the court was justified in taking this as an allegation that due diligence had been used to ascertain his residence, but that, as such residence could not be ascertained, he could not be served within this state. An examination of the cases in which this question has been presented would serve no good purpose. We have to determine whether the facts sworn to gave the judge jurisdiction to decide the question, not whether, having jurisdiction to decide it, he should have been satisfied by the facts stated; and we think that this affidavit was sufficient to give the court jurisdiction.

The judgment appealed from should, therefore, be affirmed, with costs. All concur.