UNION TRUST CO. OF NEW YORK v. DRIGGS et al.

(Supreme Court, Appellate Division, First Department. June 14, 1901.)

1. FORECLOSURE OF MORTGAGE—ABSENT DEFENDANT—SERVICE—PUBLICATION —JURISDICTION.
   In an action to foreclose a mortgage, plaintiff affirmed that defendant was in Alaska; that his brother had stated that his sisters knew his address, and would forward a letter to him. The court ordered service of summons by publication, and that a copy be mailed to him, directed in care of his sisters. *Held*, that the order was sufficient.

2. SAME—AFFIDAVIT.
   Where, in an action to foreclose a mortgage, the affidavit for publication on a nonresident defendant was that he was not a resident of the state; that his brother had testified that he had not heard from defendant for two years; that he was then in the Klondike, and was believed to have gone to Cape Nome,—such affidavit is not void, in not showing diligence in seeking such defendant.

3. SAME—NOTICE OF JUDGMENT—TIME—IRREGULARITY—TITLE OF PURCHASER.
   Where, in an action to foreclose a mortgage, five instead of eight days' notice of application for judgment was given to defendant's attorney, the title of the purchaser under the judgment was not affected by such irregularity, especially where defendant's attorney admitted service of a copy of the judgment and of notice of the sale, and attended the sale.

4. SAME—GUARDIANS AD LITEM.
   Where, in an action to foreclose a mortgage, the plaintiff procured the appointment of a guardian ad litem for defendant, who had appeared in the action, such appointment did not affect the validity of the judgment, even if such defendant was an adult.

5. SAME—PURCHASER—POSSESSION—RELEASE.
   A purchaser at a mortgage foreclosure sale is not entitled to possession of the premises until his purchase is completed; hence the refusal of a defendant occupying the premises to surrender possession is not ground for relieving such purchaser from his purchase.

Appeal from special term, New York county.

Action by the Union Trust Company of New York against Annie Spencer Driggs. Judgment of foreclosure. Application of Michael Coleman to be relieved from his purchase at a mortgage foreclosure

sale. From an order of the special term denying his application, he appeals. Affirmed.

See 63 N. Y. Supp. 381.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

W. H. P. Oliver, for appellant.
Hoffman Miller, for respondent.

HATCH, J. This is a proceeding in an action brought to foreclose a mortgage, in which the purchaser at the foreclosure sale had therein applied to the special term for an order relieving him from his purchase, and for repayment to him of his payment or deposit made at the time of the sale, and certain expenses incurred in the examination of the title to the premises. The petitioner bid in the premises on the 19th day of February, 1901, for the sum of $59,950, and paid 10 per cent. of the purchase money, and signed a memorandum of sale. The title was to be closed on the 21st day of March, and on the 18th day of that month the purchaser's attorney notified the plaintiff, through its attorney, of certain alleged defects in the title, and that, unless a marketable title was tendered, they should refuse to take the property; and on the day mentioned for completing the transaction the petitioner appeared before the referee who made the sale, by counsel, and refused to accept the title which the referee then tendered, upon the ground that the same was not marketable, stating his objections to the title, and demanded the return of his deposit of $5,995, the auctioneer's fee of $15, the exchange salesroom fee of $2, and the expenses of the examination of title, to wit, the sum of $200, which the referee and the plaintiff refused to return or repay. Thereafter this proceeding was instituted to obtain relief, and the special term ordered that the application be denied, and that the purchaser complete his said purchase within five days from the date of the service of a copy of the order. From the order so made and entered, this appeal is taken.

The petitioner sets forth in his petition 10 objections to the title to the premises bid in by him, only one of which seems to have been passed upon by the special term, viz. the fifth,—that an order for the publication of the summons against certain of the defendants in the foreclosure action (particularly James R. Driggs) was granted upon an affidavit which did not state facts sufficient to confer jurisdiction upon the court to make the order. This is stated to be the only objection argued below, and, as it is the most important of the objections, as we view it, we shall consider it first. The order was granted upon the supplemental and amended summons and verified amended complaint in the action, and the affidavit of one Sherwood, a clerk in the office of the attorneys for the plaintiff. The first point made against the affidavit is that it shows that the defendant to be served was at Cape Nome, Alaska, while the order directed that the summons be mailed to him, addressed to No. 3 East Forty-First street, city of New York, in care of his sisters,

who, the petitioner avers, were well known to be hostile to the plaintiff's claim, so that there would no likelihood of said summons ever being received by the said defendant. The second is that the affidavit is insufficient to justify the making of the order of publication, but there is no attempt to point out in what respect it fails. In the appellant's points, however, it is urged that there is nothing in the affidavit to show either that James R. Driggs resides without the state, or that his whereabouts are unknown, or that any attempt to serve him has been made; that, on the contrary, it appears that his whereabouts are known to certain persons, from whom the deponent might have obtained the necessary information, but of whom he made no inquiries, and that such persons were parties to the action, residing within the jurisdiction of the court, and who had been personally served within it.

As to the first reason given, it needs only to be said that the statement that the sisters in whose care the letter was addressed were well known to be, or that they were, hostile to the plaintiff's claim, is a bare assumption. No proof from which even a vague inference that such was the fact appears in the record. So far as appears, they could have had no knowledge of the contents of the envelope, unless they opened it, of which there is no proof, and it is to be presumed that they would not. Moreover, their brother stated to the affiant that they would forward it. The justice who granted the order had the power, under the provisions of the Code, to direct how and to whom the envelope should be directed, and where, or to dispense with the mailing, if satisfied that the plaintiff could not, with reasonable diligence, ascertain a place or places where the party to be served would probably receive mail. We are of the opinion that the affidavit in this case would have justified the latter course, and the direction for mailing was therefore but an extra precaution on the part of the court in the effort to insure notice to the defendant.

As to the second branch of the objection, it appears from the affidavit that affiant did state that James R. Driggs was a necessary party to the action; that the complaint demanded judgment that he be excluded from a vested or contingent interest in or lien upon specific real property within the state; that a brother of the said defendant had testified in this action before a referee that he did not know where said James R. Driggs was; that he left San Francisco for the Klondike, and that he believed he had since gone beyond there; that he had not heard from him for over two years, and that he believed that his brother then was at Cape Nome; that his sisters were in communication with him, and that a letter addressed to said James R. Driggs in the care of his said sisters, at No. 3 East Forty-First street, borough of Manhattan, would reach him; that they would forward it to him. The affiant then states that said James R. Driggs is not a resident of this state, and that the plaintiff has been unable, with due diligence, to make personal service of the summons upon him, and that, from the information received from the sources stated, he verily believes that the plaintiff will be unable, with due diligence, to make such service. While

this affidavit is not as satisfactory as might be wished, particularly as to the efforts to ascertain the whereabouts of the person to be served, from which diligence might appear, yet it is much more satisfactory, even in this respect, than many which have been upheld by the courts; and we are of the opinion it is sufficient, under the provisions of the Code and the authorities, to confer jurisdiction upon the court to make the order. It must, we think, be held to contain all the jurisdictional facts required by the statute. It has been held that where the "proof of nonresidence is clear and conclusive, and that the defendant is living out of the state and in a distant state, there may be strong reasons for holding that proof of due diligence is not required." Kennedy v. Trust Co., 101 N. Y. 487, 488, 5 N. E. 774. In that case the affidavit stated that the defendants "cannot, after due diligence, be found within this state" (they being residents of other states, as therein named), and "that the summons herein was duly issued for said defendants, but cannot be served personally upon them, by reason of such nonresidence." There was no allegation in that affidavit of any effort to ascertain the whereabouts of the defendant, and it was therefore much weaker in that particular than that in the present case; yet the court held that it conferred jurisdiction, and that the court should not, at least in a collateral proceeding, determine that the affidavit was entirely defective, and set aside the order. A like affidavit was upheld by this court in Salisbury v. McGibbon, 58 App. Div. 524, 69 N. Y. Supp. 258, where a question of title in a partition action depended upon the jurisdiction of the court to grant an order of publication; and in Crouter v. Crouter, 133 N. Y. 55, 30 N. E. 726, in a proceeding to compel a purchaser to complete a purchase at a partition sale, an affidavit much weaker than the one now under consideration was held sufficient. Under the authority of these cases, it must be held that the purchaser's objection to the title upon the ground of the insufficiency of the papers upon which the order of publication was granted is untenable.

We are also of the opinion that none of the other objections is sufficient to relieve the purchaser from the completion of his purchase. It is true that the plaintiff in the foreclosure action was bound to see to it that the action had been brought and prosecuted in accordance with the provisions of law regulating the procedure in such case. The purchaser has a right to demand a marketable title, and one free from reasonable doubt as to its validity; but it seems clear that none of the other objections urged upon our attention affects the validity of the judgment,—those touching the procedure in the action presenting only irregularities, at most, not impairing the jurisdiction of the court to render judgment. By his first objection, the purchaser assails the title because plaintiff gave the attorney for certain of the defendants five instead of eight days' notice of application for judgment. Conceding all that the appellant can claim for the facts, they do not affect the validity of the judgment, or relieve the purchaser. It appears that a copy of the judgment was served on the attorney, who admitted service thereof; that a notice of sale was also served upon him, and service

admitted, and he was present at the sale. It further appears that certain exceptions to the report of the referee were filed, but that a copy was never served on the plaintiff's attorneys; that no hearing of the so-called exceptions was ever brought on; and, finally, that such exceptions were formally withdrawn. This also disposes of the fourth objection. The third objection is that the title is defective because plaintiff procured the appointment of a guardian ad litem for a defendant who had appeared in the action. This seems to have been but an extra precaution. If Mary E. Driggs, for whom the guardian was appointed, was an adult, she was properly before the court. If not, she was properly represented by a guardian. The facts furnish no ground for complaint. The second and sixth objections were not argued before this court, and seem to have been abandoned. We find no merit in them, in any view. By the seventh objection the title is brought in question because, as alleged, immediate possession of the premises could not be given to the purchaser, for the reason that the same were occupied by one of the defendants on whose behalf the objections aforesaid were filed, and who refused the purchaser access to the same. As to this, it only needs to be said that because the purchaser could not get possession before he was entitled to it, by simply demanding it, furnishes no ground for relief from the purchase, even if the fact was established. If the purchaser, after the delivery of the referee's deed, had been refused possession, the law affords him ample remedy. Code Civ. Proc. § 1675. The remaining objections we deem it unnecessary to discuss. They do not present any question affecting the validity of the judgment, or the title made thereunder.

The considerations expressed lead to the conclusion that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.