In the Matter of the Application of the BOARD OF EDUCATION OF THE CITY OF NEW YORK to Acquire Lands Situated on Boerum Street in the Borough of Brooklyn.

ANNIE HOPFENSACK, Appellant; THE CITY OF NEW YORK, Respondent.

1. APPEAL — QUESTION OF FACT. An appeal to the Court of Appeals from an order of the Appellate Division which involves a question of fact must be dismissed.

2. EVIDENCE — PRESUMPTION OF DEATH — CODE CIV. PRO. § 841. *It seems* that section 841 of the Code of Civil Procedure, relating to the presumption of death in certain cases, relates only to a case where the right to the possession of real property depends upon the life of a third person and has no application to a person who is the owner of the property.

3. FACTS AUTHORIZING PRESUMPTION OF DEATH MUST BE PROVED TO ESTABLISH THE FACT OF DEATH. *It seems*, that in order to establish the heirship of petitioners who claimed to be the widow and heirs at law of the owner of property sold under condemnation proceedings, and as such

21

entitled to an award made therein, proof of no will and that more than seven years have elapsed since he had been seen or heard from by members of his family, is insufficient; there must be other evidence of his death, which, however, may be established by presumptive as well as by direct evidence, but facts must be proved which raise the presumption of death.

*Matter of Boerum Street,* 74 App. Div. 632, appeal dismissed.

(Argued January 6, 1903; decided January 20, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 23, 1902, denying an application by the widow and heirs at law of Ernst Hopfensack for an order directing the chamberlain of the city of New York to pay over to them moneys paid into court in this proceeding.

The facts, so far as material, are stated in the opinion.

*Charles H. Griffin* for appellant. The fact that over seven years have elapsed since the disappearance of Ernst Hopfensack is sufficient proof for the granting of the order. (*Durando* v. *Durando,* 23 N. Y. 331; *Cox* v. *Ellsworth,* 26 N. W. Rep. 460; *Stockbridge* v. *Stockbridge,* 14 N. E. Rep. 928.)

No one for respondent.

HAIGHT, J. The board of education of the city of New York instituted proceedings to acquire certain real property in the borough of Brooklyn belonging to Ernst Hopfensack for a school building. These proceedings were concluded by an award made to Hopfensack as owner for the sum of $15,750, and the same was paid into the Supreme Court and deposited with the chamberlain. There was a mortgage upon the premises held by the German Savings Bank for the sum of three thousand dollars which has been paid by the chamberlain. The balance is now claimed by the petitioners herein, Anna Hopfensack, Charles Hopfensack and Eleanor Hopfensack.

It appears that Ernst Hopfensack and Anna Hopfensack were married in the year 1871 and lived together as husband

and wife until the 23d day of August, 1894, and that Charles and Eleanor Hopfensack are their only children and heirs at law; that on the last-mentioned day Ernst Hopfensack left his place of residence at No. 49 St. Mark's Place in the city of New York in the morning to go to his place of business and that between the hours of twelve and two o'clock of that day he was seen at Maspeth, L. I. near Newtown creek, at which place he owned real property which he rented for a road house and saloon, and that this was the last that he has ever been seen or heard from by members of his family.

It is contended on behalf of the petitioners that they are entitled to have the money deposited with the chamberlain paid over to them as his widow and heirs at law, there being no will, upon the ground that more than seven years have elapsed and that they are entitled to the same under section 841 of the Code of Civil Procedure. The Appellate Division held that that section relates only to a case where the right to the possession of real property depends upon the life of a third person, and that it has no application to a person who is the owner of the property, and, therefore, the court denied the application of the petitioners, but with leave to renew on further proof tending to show the death of Ernst Hopfensack.

We think the construction of the Appellate Division given to section 841 of the Code of Civil Procedure is correct. The provision, so far as applicable, is as follows: "A person upon whose life an estate in real property depends, who remains without the United States, or absents himself in the state or elsewhere for seven years together, is presumed to be dead in an action or special proceeding concerning the property in which his death comes in question." This was a re-enactment of the Revised Statutes (1 R. S. 749) which in turn was substantially taken from 19 Car. II, c. 6 (1667), which so fully describes the purpose and intent of the enactment that we insert its provisions so far as applicable: "Whereas divers Lords of Manors and others have used to grant estates by copy of court-roll for one, two or more life or lives, according to the custom of their several manors, and have also granted

estates by lease for one or more life or lives. or else for years determinable upon one or more life or lives ; and it hath often happened, that such person or persons for whose life or lives such estates have been granted, have gone beyond the seas, or so absented themselves for many years, that the lessors and reversioners cannot find out whether such person or persons be alive or dead, by reason whereof such lessors and reversioners have been held out of possession of their tenements for many years, after all the lives upon which such estates depend are dead, in regard that the lessors and reversioners when they have brought actions for the recovery of their tenements, have been put upon it to prove the death of their tenants, when it is almost impossible for them to discover the same.

" For remedy of which mischief so frequently happening to such lessors or reversioners, Be it enacted by the King's Most Excellent Majesty, by and with the advice and consent of the Lords Spiritual and Temporal, and the Commons, in this present Parliament assembled, and by the authority of the same, That if such person or persons, for whose life or lives such estates have been or shall be granted as aforesaid, shall remain beyond the seas, or elsewhere absent themselves in this realm, by the space of seven years together, and no sufficient and evident proof be made of the lives of such person or persons respectively, in any action commenced for recovery of such tenements by the lessors or reversioners ; in every such case the person or persons upon whose life or lives such estate depended, shall be accounted as naturally dead ; and in every action brought for the recovery of the said tenements by the lessors or reversioners, their heirs or assigns, the judges before whom such action shall be brought, shall direct the jury to give their verdict as if the person so remaining beyond the seas, or otherwise absenting himself, were dead."

Under both the common and civil law, a person was presumed to be living for a period of one hundred years from the time of his birth, that being the longest limit of an ordinary life. But at an early time several of the countries in which the civil law was in force modified the presumption

with reference to death by statutes adopting different periods. In England it was modified by the statute to which we have called attention and also by the statute with reference to bigamy (1 Jac. I, ch. 11), which has also been brought down to us and is found in our own statute which permits the remarriage of a person after the absence of the husband or wife for the period of five years.

Section 1582 of our Code of Civil Procedure has reference to the partition of real estate, but by analogy has some pertinence as showing the legislative trend, for it contains a provision with reference to absent owners and provides that as to such owners their portion must be invested in permanent securities at interest for their benefit until claimed by them, or their legal representatives. Section 2656 of the Code is even more important. It bears a closer analogy to the question under consideration. It pertains to the establishing of heirship, which the petitioners in this case are attempting. Among its provisions we find the following : " The petitioner must establish, *by satisfactory evidence, the fact of the decedent's death ;* the place of his residence at the time of his death ; his intestacy, either generally, or as to the real property in question," etc.

Shortly after the passage of the bigamy and life tenancy acts in England, providing that the presumption of death may be indulged after an absence of seven years, the courts, by analogy, extended the presumption to cases involving the distribution of personal property. (*King* v. *Paddock*, 18 Johns. 141, 143 ; *Eagle's Case*, 3 Abb. Pr. 218, 220.)

In Best on the Law of Evidence it is said : " The death of any party once shown to have been alive, is matter of fact to be determined by a jury ; and as the presumption is in favor of the continuance of life, the onus of proving the death lies on the party who asserts it. The fact of death may, however, be proved by presumptive as well as by direct evidence. When a person goes abroad, and has not been heard of for a long time, the presumption of the continuance of life ceases at the expiration of seven years from the period when he was

last heard of. And the same rule holds generally with respect to persons who are absent from their usual places of resort, and of whom no account can be given. This is incorrectly spoken of in some books as a presumption of law, but it is in truth a mixed presumption said to have been adopted by analogy to the statute 1 Jac. I, c. 11, s. 2, which exempts, from the penalties of bigamy, any person whose husband or wife shall be continually remaining beyond the seas by the space of seven years together, or whose husband or wife shall absent him or herself the one from the other by the space of seven years together, in any parts within the Kings Dominions, the one of them not knowing the other party to be living within that time; and the 19 Car. II, c. 6, s. 2, respecting the lives of persons in leases, who shall remain beyond the seas, or elsewhere absent themselves in the realm for more than seven years, and who are thereupon, in the absence of proof to the contrary, to be deemed naturally dead." (§§ 408, 409.) To the same effect is 1 Greenleaf on Evidence, § 41. It will thus be seen that while death must be proved it may be established by presumption as well as by direct evidence. But facts must be disclosed which would raise such presumption. A person may be absent and unheard of by his friends for seven or more years, under circumstances in which no presumption of death would attach. He may have no near or intimate friends with whom he has been accustomed to correspond. He may leave with the expressly declared intention of seeking a home and of engaging in business in another place, and of not returning to the place of his former residence; then again, he may leave under circumstances which will readily satisfy the court that he must be dead or he would have returned or reported the cause of his detention, especially after search has been made for him and he has not been found within the period of seven years of his departure.

The case under consideration is one in which apparently the merits are strongly with the petitioners, and doubtless the Supreme Court will not require direct and positive evidence of death, but it is the duty of the court to proceed with care

and insist upon there being produced before it all of the evidence there is upon the subject. This it properly should exact. It was shown that Hopfensack was addicted to drink and yet when he was last seen at Maspeth his condition was not disclosed. Mrs. Hopfensack gave it as her opinion that he had been murdered, and yet the reasons upon which she founded her belief were not stated; the character of the neighborhood or place in which he was last seen was not given. If it was dangerous and frequented by criminals and dangerous characters those facts should have been made to appear.

The Appellate Division, in denying the appellant's motion in this proceeding, gave the petitioners the right to renew the motion upon further proof. The petitioners should have adopted this course and exhausted all of the evidence that they were capable of producing upon the subject.

This court, under the Constitution, is limited in its power of review to questions of law. The question involved in this case is purely one of fact, and we think, therefore, that the appeal should be dismissed, without costs, and that the petitioners should resort to the remedy given by the Appellate Division in the order appealed from.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, VANN and CULLEN, JJ., concur.

Appeal dismissed.