KENNEDY v. LAMB et al.

(Supreme Court, Appellate Division, Second Department.　March 3, 1905.)

SUMMONS—ORDER OF PUBLICATION—COLLATERAL ATTACK.

An order for service of summons by publication is not open to collateral attack where made on affidavits showing that defendants are nonresidents, and residents of another state, and alleging that plaintiff will not be able, with due diligence, to make personal service of the summons within the state.

Appeal from Special Term, Kings County.

Action by Peter J. Kennedy against Margaret Lamb and others. From an order David P. Goldstein and another, purchasers, appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Frank Walling, for appellants.
Addison S. Sanborn, for respondent.

JENKS, J.　This order is not open to collateral attack if the affidavits vested the judge with jurisdiction to pass upon the question and he was satisfied.　Salisbury v. McGibbon, 58 App. Div. 524, 69 N. Y. Supp. 258; Kennedy v. N. Y. Life Ins. & T. Co., 101 N. Y. 487, 5 N. E. 774.　Even slight and inconclusive proof may confer jurisdiction. Carleton v. Carleton, 85 N. Y. 313.　We think that the affidavits were sufficient to justify a determination by the judge that the defendants could not, with due diligence, be served personally.　Kennedy v. N. Y. Life Ins. & Trust Co., supra; Salisbury v. McGibbon, supra.　In Kennedy's Case, supra, the court say: "The statement as to due diligence is not absolutely an allegation of a conclusion of law, or an opinion, but, in connection with what follows, a statement of facts which tend to establish that due diligence has been used."　In the case at bar an affidavit conclusively shows that the defendants are nonresidents, and are residents of Jersey City and Plainfield, N. J., and another affidavit states that the plaintiff will not be able, with due diligence, to make personal service of the summons within this state, "as appears by the affidavit of Peter J. Kennedy, hereto annexed."　The cases cited by the learned counsel for the appellants may be discriminated.　In Carleton v. Carleton, supra, the question was whether an affidavit showing nonresidence, without proof where the defendant actually was at the time, made out a case.　The court points out that "there is no statement, however, that due diligence has been used, or that any effort whatever has been made to find him, and that he cannot be found within the state."　In McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385, 24 Am. St. Rep. 481, the court say that the affidavit "entirely omits the words 'after due diligence,' or to state that any degree of diligence whatever had been used to find the defendant."　In Orr v. Currie, 14 Misc. Rep. 74, 35 N. Y. Supp. 198, the attack was direct, and the court says: "It will be noticed that the affiant does not state that he will be unable to make the service 'after due diligence,' in the words of the statute.　Had he done so, this case would have come nearer to

that of Kennedy v. N. Y. L. Ins. & Trust Co., 101 N. Y. 487, 5 N. E. 775, in which the court says"—and then follows the sentence I have quoted supra. In Crouter v. Crouter, 133 N. Y. 55, 30 N. E. 726, the affidavit stated "that plaintiff believed that a summons could not, with due diligence, be served personally within the state," and the order was held justified by Kennedy's Case, supra. In Fetes v. Volmer, 8 N. Y. Supp. 294, the attack was direct, and the affidavit is not set forth or epitomized, so that I am unable to ascertain why it did not conform to the statute. There is no presumption of the death of Charles Kennedy warranted by the record. Matter of Board of Education, 173 N. Y. 321, 66 N. E. 11. The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.