PETER J. KENNEDY, Respondent, *v.* MARGARET LAMB and Others, Defendants.

DAVID P. GOLDSTEIN and JOSEPH M. COHN, Appellants.

*Order for publication — if the judge has jurisdiction it cannot be attacked collaterally by a purchaser at a partition sale — what is sufficient to give jurisdiction.*

An order of publication, made in an action to partition real property, is not open to a collateral attack by the purchaser at the partition sale, if the moving affidavits vested the judge granting the order with jurisdiction to pass upon the question whether the defendant sought to be served by publication could with due diligence be served personally within the State of New York, and if the judge was satisfied that they could not be so served.

Even slight and inconclusive proof may confer such jurisdiction on the judge granting the order.

Where one of the moving affidavits conclusively shows that the defendants sought to be served by publication are non-residents and are residents of the State of New Jersey, and another affidavit states that the plaintiff will not be able with due diligence to make personal service of the summons within the State of New York on such defendants, " as appears by the affidavit of Peter J. Kennedy hereunto annexed," the judge has jurisdiction to grant the order.

APPEAL by David P. Goldstein and another from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 4th day of November, 1904, granting the plaintiff's motion to compel the appellants to complete their purchase of premises sold at a partition sale in the above-entitled action.

*Frank Walling* [*Siegmund Rosenthal* with him on the brief], for the appellants.

*Addison S. Sanborn,* for the respondent.

JENKS, J. :

This order is not open to collateral attack if the affidavits vested the judge with jurisdiction to pass upon the question and he was satisfied. (*Salisbury* v. *McGibbon,* 58 App. Div. 524 ; *Kennedy* v. *N. Y. L. Ins. & Trust Co.,* 101 N. Y. 487.) Even slight and inconclusive proof may confer jurisdiction. (*Carleton* v. *Carleton,* 85

N. Y. 313.) We think that the affidavits were sufficient to justify a determination by the judge that the defendants could not with due diligence be served personally. (*Kennedy* v. *N. Y. L. Ins. & Trust Co., supra ; Salisbury* v. *McGibbon, supra.*) In *Kennedy's Case* (*supra*) the court say: "The statement as to due diligence is not absolutely an allegation of a conclusion of law, or an opinion, but, in connection with what follows, a statement of facts which tend to establish that due diligence has been used." In the case at bar an affidavit conclusively shows that the defendants are non-residents, and are residents of Jersey City and Plainfield, N. J., and another affidavit states that the plaintiff will not be able with due diligence to make personal service of the summons within this State "as appears by the affidavit of Peter J. Kennedy hereto annexed."

The cases cited by the learned counsel for the appellants may be discriminated. In *Carleton* v. *Carleton* (*supra*) the question was whether an affidavit showing non-residence, without proof where the defendant actually was at the time, made out a case. The court points out that "There is no statement, however, that due diligence has been used, or that any effort whatever has been made to find him, and that he cannot be found within the State." In *McCracken* v. *Flanagan* (127 N. Y. 493) the court say that the affidavit "entirely omits the words 'after due diligence' or to state that any degree of diligence whatever had been used to find the defendant." In *Orr* v. *Currie* (14 Misc. Rep. 74) the attack was direct, and the court says: "It will be noticed that the affiant does not state that he will be unable to make the service 'after due diligence,' in the words of the statute. Had he done so, this case would have come nearer to that of *Kennedy* v. *N. Y. L. Ins. & Trust Co.,* 101 N. Y. 487, in which the court says" — and then follows the sentence I have quoted *supra.* In *Crouter* v. *Crouter* (133 N. Y. 55) the affidavit stated "that plaintiff believed that a summons could not with due diligence be served personally within the State," and the order was held justified by *Kennedy's Case* (*supra*). In *Fetes* v. *Volmer* (28 N. Y. St. Repr. 317) the attack was direct, and the affidavit is not set forth or epitomized, so that I am unable to ascertain why it did not conform to the statute. (See Code Civ. Proc. §§ 438, 439.)

There is no presumption of the death of Charles Kennedy warranted by the record. (*Matter of Board of Education of New York,* 173 N. Y. 321.)

The order should be affirmed, with costs.

HIRSCHBERG, P. J., WOODWARD, RICH and MILLER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.